Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 407 | DATE | 1/9/2003 |
| CASE TITLE | | Griffin vs. Potter | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Defendant's motion (Doc 14-1) for summary judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 10 2003 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT  courtroom deputy's initials | 03 JAN -9 PM 3:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DORIS G. GRIFFIN, )
)
Plaintiff, )
)
vs. ) 02 C 0407
)
JOHN E. POTTER, Postmaster General, United )
States Postal Service, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion for summary judgment brought by Defendant John Potter, Postmaster General for the United States Post Office. For the reasons set forth below, we grant the motion.

## BACKGROUND

Plaintiff Doris Griffin is suing her former employer, the Post Office, for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a *et seq.*, for disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and retaliation in violation of Title VII of the Civil Rights Acts



of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. She worked for the Post Office from 1964 until she voluntarily retired in January 2002. She worked in downtown Chicago from 1964 until July 2001 when she was transferred to Bloomingdale, Illinois, in the far western suburbs of Chicago. Ironically, Griffin's position at the Post Office was as an Equal Employment Opportunity ("EEO") counselor/investigator from 1989 to 2000 and as an EEO complaints investigator from July 2000 to January 2002. Four months after being transferred to the Bloomingdale office in July 2001, she announced her retirement from the Post Office effective January 2002.

Although Griffin began working as an EEO counselor/investigator in 1989, she did not have any problems until Yvonne Coleman became her supervisor in 1991. After Coleman became Griffin's supervisor, things changed. Griffin alleges that she suffered several materially adverse actions from 1991 until her retirement in January 2002. According to Griffin, she was assigned more difficult cases than her less experienced co-workers, assigned work that was originally assigned to others, required to work all three tours of duty, traveled further to work than co-workers, denied annual leave, criticized, warned, denied merit increases, assigned work outside of her job responsibilities, and had a "very good" evaluation substituted with a "satisfactory" one. Additionally, Griffin generally alleges that after sustaining a fractured ankle and

undergoing ankle surgery, her "injuries were not accommodated while the disabilities of co-workers was [sic]."

She now sues for age and disability discrimination and retaliation for filing EEO complaints.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is with these principles in mind that we address the motion before us.

# DISCUSSION

**Age Discrimination**

In order to establish liability under the ADEA, a plaintiff must prove that she was: (1) in a protected class; (2) performing her job satisfactorily; (3) the subject of an employment action that was materially adverse; and (4) that other substantially younger and similarly situated employees were treated more favorably than the plaintiff. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 659 (7th Cir. 2001) (citing *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1031 (7th Cir. 1998)). No reasonable jury could find that Plaintiff performed her job satisfactorily.

Griffin did not satisfactorily perform her job during the last several years. She admits she did not resolve her EEO cases within the time frames required by the Post Office or the EEOC regulations. Potter 56.1 Statement ¶¶ 36, 51, and 85 (admitted). An internal audit in November 1997 revealed that Griffin's unit was not in compliance with mandatory procedures for keeping track of her and other EEO counselors' cases, that files were poorly organized, and that many files were open longer than the maximum 180 days. Potter 56.1 Statement ¶¶ 46-50 (admitted). A March 2001 mid-year evaluation of Griffin revealed that she was not completing her investigations in a timely manner and that her files were not properly organized. Potter 56.1 Statement

¶¶ 80-82 (admitted). A November 2001 evaluation revealed that she continued to not complete her investigations on time. Potter 56.1 Statement ¶¶ 83-85 (admitted).

Griffin attempts to rebut this evidence of poor work performance by stating that she received five merit increases between 1994 and 2001. She further states that "[r]eceipt of merit awards would certainly entitle a person to assume that they are meeting her employer's legitimate expectations." We are unconvinced. First, Griffin admits the contrary by acknowledging that she systematically failed to complete her work in a timely manner. Second, she admits being notified of her poor work performance on at least three occasions. Thus, she was in no position to assume that she was performing adequately. Third, although she received some merit increases, she was denied approximately $20,000 in additional merit increases. Griffin Opp. at 10. Griffin has failed to rebut the Post Office's specific evidence of poor job performance.

## I. Disability Discrimination

Griffin alleges the Post Office violated the ADA and the Rehabilitation Act. The ADA does not apply to the Post Office. 42 U.S.C. § 12111(5)(B)(i) (excluding from liability employers that are wholly owned by the United States government). The Rehabilitation Act, however, does apply and employs the same standards with respect to employment discrimination as does the ADA. 29 U.S.C. § 794(d). Consequently, Griffin "must show all three of the following elements: (1) that [s]he is disabled within

-5-

the meaning of the ADA, (2) that [s]he is qualified to perform the essential functions of h[er] job either with or without reasonable accommodation, and (3) that [s]he suffered from an adverse employment action because of h[er] disability." *Kersting v. Wal-Mart Stores*, 250 F.3d 1109, 1115 (7th Cir. 2001). Griffin's disability allegations relate to her ankle which she broke in 1993 and from which a plate was removed in 1996. After both the initial injury and her follow-up surgery, the Post Office granted her leave and did not require to return to work until authorized by her doctor. Potter 56.1 Statement ¶¶ 14-18 and 30-31 (admitted). Additionally, neither she nor her doctor ever claimed that she was permanently disabled by her ankle injury. Potter 56.1 Statement ¶¶ 18-20 (admitted). In response to this evidence that the Post Office fully and adequately accommodated her temporary conditions in 1993 and 1996 and that she had no ongoing permanent disability thereafter, she states only the following:

> The ADA does not apply solely to those who have what is defined in the Act as a disability but, also, those perceived to have a disability or is regarded as having such an impairment. [citations omitted.] Plaintiff here can present evidence that she was perceived by management as being disabled and discriminated against by Yvonne Coleman for that reason. Therefore, summary judgment is not proper on this claim as well.

Griffin Opp. at 12. Griffin's prediction that she "can present evidence that she was perceived by management as being disabled" is not enough to withstand a motion for summary judgment. On summary judgment, the non-movant "cannot merely rest on

the pleadings, but must move beyond those pleadings and present positive evidence to support her position, such as through affidavits, depositions, answers to interrogatories, and admissions on file." *Nieves v. Board of Educ.*, 297 F.3d 690, 693 (7th Cir. 2002). Griffin has not met this burden of production.

## II. Retaliation

To prove that the Post Office retaliated against her, Griffin "must demonstrate that: (1) she engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) despite meeting her employer's legitimate expectations, she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity." *Hilt-Dyson v. City Of Chicago*, 282 F.3d 456, 465 (7th Cir. 2002). As discussed above, no reasonable jury could find that she performed her job according to her employer's legitimate expectations.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion for summary judgment.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JAN - 9 2003